**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID EDWIN AVILA,**

      **Plaintiff,**

v.                                                **Case No:   6:14-cv-1699-Orl-18KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** COMMISSIONER'S OPPOSED MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. No. 13)
>
> **FILED:** March 17, 2015
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.   BACKGROUND.**

On October 20, 2014, Plaintiff David Edwin Avila, representing himself, filed a complaint seeking review of the decision of Defendant Commissioner of the Social Security Administration ("Commissioner"), not to reopen his claim for dependent adult child ("DAC") benefits, which he filed in 2006.  Doc. No. 1, at 3; *see also* R. 18, at 19-26 (ALJ's decision finding that good cause

did not exist to reopen the 2006 DAC application). The Commissioner moves to dismiss the case for lack of subject-matter jurisdiction. Doc. No. 13.

The Commissioner submits that a final decision denying Avila's DAC claim was made on July 19, 2006, and that Avila failed to timely appeal that decision. In 2008, Avila filed another claim for benefits and requested that the Commissioner reopen the 2006 DAC claim. The Commissioner found that Avila had not requested reopening by the required date and had not presented good cause to reopen the 2006 DAC claim. The Commissioner asserts that this Court does not have jurisdiction to review a decision not to reopen a claim.

In response to the motion, Avila and his mother presented a sworn statement in which each of them attests that neither of them received notification that the 2006 DAC claim was denied. Doc. No. 15, at 2. Liberally construing the *pro se* response, I construed this evidence to raise a colorable constitutional claim of lack of due process for failure to provide notice of the right to appeal the decision to Avila. Doc. No. 16.[1]

In reply to Avila's response, counsel for the Commissioner conceded that it has no evidence that the undated notice of the right to appeal the denial of the 2006 DAC claim contained in the administrative record (Doc. No. 13-1, at 4) was mailed to Avila. Doc. No. 17, at 2. Counsel for the Commissioner did not directly address the issue of whether Avila's evidence is sufficient to raise a colorable constitutional claim. Counsel for the Commissioner filed a transcript and supplemental transcript of administrative proceedings. Doc. Nos. 18, 20.

---

[1] I did not construe Avila to be raising a colorable constitutional claim of a mental impairment preventing him from appealing the denial of the 2006 DAC appeal. Therefore, the Commissioner's arguments based on *Elchediak v. Heckler*, 750 F.2d 892, 894-95 (11th Cir. 1985), do not apply to the present motion.

**II.     ANALYSIS.**

"Generally, courts do not have jurisdiction over the Commissioner's decision not to reopen a claim since such a refusal is not a final decision within the meaning of 42 U.S.C. § 405(b).   Yet, subject matter jurisdiction to review the Commissioner's decision not to reopen a prior application exists in two limited circumstances:   (1) a colorable constitutional claim is raised; or (2) the decision is reconsidered to any extent at any administrative level."  *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002)(internal citations omitted).

Here, Avila contends that his 2006 DAC application should be reopened based on a colorable constitutional claim, specifically that he did not receive notice of the right to appeal the denial of the 2006 DAC application.   Under *Loudermilk*, whether Avila raises a colorable constitutional claim requires a two-step analysis:   "(1) whether the notice was defective; and (2) if the notice is defective, whether the claimant's procedural due process rights were violated."  *Id.* at 1268.

Courts have found that a social security claimant raised a colorable constitutional claim when he presents evidence that he did not respond on time because he never received notice from the Social Security Administration ("SSA").   *See, e.g., Deleon v. Comm'r of Soc. Sec.*, 191 F. App'x 88, 91 & n. 7 (3d Cir. 2006)(and cases cited therein); *Blackburn v. Astrue*, No. C07-5387-KLS, 2008 WL 2063698, at * 7-8 (W.D. Wash. May 13, 2008).    The evidence before the Court is uncontested that neither Avila nor his mother received notice of the denial of the 2006 DAC claim, in light of the Commissioner's inability to present evidence that the undated notice of denial in the record was mailed.   Therefore, I recommend that the Court find that notice of the denial of the 2006 DAC claim was defective because Avila did not receive it.

"Procedural due process requires only an opportunity to be heard at a meaningful time and in a meaningful manner."  *Cherry v. Heckler*, 760 F.2d 1186, 1190 (11th Cir. 1985)(internal

quotations omitted).  In *Cherry*, the United States Court of Appeals for the Eleventh Circuit found that the claimant was afforded procedural due process at a hearing held on a motion to reopen a previous application for SSA disability benefits.  In that case, the claimant was represented by counsel on the hearing regarding the request to reopen a previously denied application and had the opportunity to present all information relevant to the reopening decision.   760 F.2d at 1190-91.

Like *Cherry*, in the present case an ALJ held a hearing on the request to reopen the 2006 DAC application in August 2012.  Doc. No. 18, at 156-66.  During the hearing, Avila was represented by counsel.  Doc. No. 20, at 2.  The ALJ advised Avila and his counsel at the beginning of the hearing that he would consider two issues:  whether there is good cause to open the prior file; and, whether res judicata applies to the second application.  *Id.* at 5.  The ALJ permitted counsel for Avila to question Avila to develop the record.  *Id.* at 6.  Thus, Avila had a full and fair opportunity to present evidence to the SSA regarding whether the 2006 DAC application should be reopened.  I recommend that the Court find that this hearing satisfied Avila's right to due process on the question of whether the DAC application should be reopened.

### III. RECOMMENDATION.

Under the *Loudermilk* two-part test, I recommend that the Court find that Avila has not established a colorable constitutional claim because he has been afforded all the process he was due on the question of whether the 2006 DAC application should be reopened.  Accordingly, I further recommend that the Court find that it does not have subject-matter jurisdiction in this case and direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

   Recommended in Orlando, Florida on June 8, 2015.

              *Karla R. Spaulding*
              KARLA R. SPAULDING
             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy